# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | Civil Action 2:18-mc-2 |
| | Judge Michael H. Watson |
| LAWRENCE W. BERMAN | Magistrate Judge Jolson |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed this action requesting an "immediate grand jury investigation in the D.C. Circuit or other appropriate District." (Doc. 1). Although Plaintiff does not include much detail about the requested grand jury investigation, he demands the Court:

> Convey … previously lodged VERIFIED COMPLAINT(S), formally charging Defendants, Additional Party, Et Al (24), and Does 1 thru 100 (6th Dist. #2:16 cv 0508); and non-terminated Case (6th Dist. # 110 CV 950) (details attached herewith); and other, related, State and Federal Courts, under Fraud, Extortion, RICO, Obstruction of Justice, and Public Corruption, all with multiple felony federal offenses, to a lawfully convened federal grand jury, *forthwith*.

(*Id*. at 3). Plaintiff attaches documents demonstrating that he is involved in a dispute concerning his residence and use of a car. (*See* Doc. 1-1). He also filed a Motion for the Appointment of a Visiting Judge. (Doc. 2).

On January 9, 2018, this Court issued an Order finding it unclear why Plaintiff filed this case as a miscellaneous matter, which is an ancillary and supplementary proceeding related to other cases filed in federal courts. (Doc. 3). This Court observed that the instant action does not appear to be related to another case filed in federal court, nor have similar actions been filed as miscellaneous cases. (*Id*.). Thus, the Court ordered Plaintiff to show good cause within fourteen days why this action should remain as a miscellaneous action and why he should not be charged the full civil filing fee of $400. (*Id*.). Finally, the Court informed Plaintiff that should he pursue

this matter as a civil action by paying the full filing fee, he should be mindful of decisions holding that there is no private right of action relating to a grand jury investigation, and the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible prosecution. (*Id*. (citing *Bryant v. Fienberg*, No. 206-cv-13849, 2006 WL 2924744, at *2 (E.D. Mich. Oct. 10, 2006) (citing *Mohwish v. Gentry*, 156 F.3d 1231 (Table), 1998 WL 466567, at *2 (6th Cir. July 31, 1998)); *Morales v. U.S. Dist. Court for the S. Dist. of Fla.*, 580 F. App'x 881, 886 (11th Cir. 2014) (acknowledging the non-binding decision in *In re Grand Jury Application,* 617 F. Supp. 199 (S.D.N.Y.1985), but stating that "all other courts to decide this question as to § 3332(a) appear to have held there is no such private right of action under these facts. *See Stimac v. Wieking,* 785 F.Supp.2d 847, 851–52 (N.D.Cal.2011) ("I am unconvinced that the right to force a prosecutor to bring evidence before the grand jury is as absolute as the court concluded in *In re Grand Jury Application*."); *Hantzis v. Grantland,* 772 F.Supp.2d 1, 3 (D.D.C.2009) ("no private right of action is available" under § 3332(a)); *Lundy v. United States,* No. 07–1008, 2007 WL 4556702 at *2 (C.D.Ill. Dec. 21, 2007) *corrected on other grounds,* No. 07–1008, 2008 WL 2510172 (C.D.Ill. June 19, 2008) ("§ 3332(a) does not confer a private right of action"); *Bryant v. Fienberg,* No. 206–CV–13849, 2006 WL 2924744 at *2 (E.D.Mich. Oct. 10, 2006) (the "plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute")).

More than fourteen days have passed since the Court issued its Order, and Plaintiff has not filed a response or sought an extension of time in order to do so. Thus, it appears that Plaintiff no longer intends to pursue this action. The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Based upon the

foregoing, the Court **RECOMMENDS** that this action be dismissed. Further, the Court recommends that the Motion for Appointment of Visiting Judge be **DENIED** as **MOOT**. (Doc. 2).

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 24, 2018
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE